GOODSILL ANDERSON
QUINN & STIFEL
A LIMITED LIABILITY LAW
PARTNERSHIP LLP

EDMUND K. SAFFERY      5860-0
   esaffery@goodsill.com
DEIRDRE  MARIE-IHA      7923-0
   dmarie-iha@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
LG ELECTRONICS USA, INC.

HOGAN LOVELLS US LLP

PHOEBE A. WILKINSON
phoebe.wilkinson@hoganlovells.com
*Admitted pro hac vice*
MOHAN WARUSHA HENNADIGE
mohan.warusha-hennadige
  @hoganlovells.com
*Admitted pro hac vice*
JACK SHAKED
jack.shaked@hoganlovells.com
*Admitted pro hac vice*
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INGRID WEISSE and LOREN BULLARD, Individually and in their REPRESENTATIVE CAPACITIES and on Behalf of a CLASS of All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; DOES 1-10; DOE PARTNERSHIPS 1-10; DOES CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 1:21-cv-00281-JAO-KJM<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LG ELECTRONICS USA, INC.'S MOTION TO DISMISS<br><br><br>Hon. Jill A. Otake, District Court<br>      Judge, and Magistrate<br>      Judge Kenneth J. Mansfield<br><br>NO TRIAL DATE SET |

# TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................1

SUMMARY OF RELEVANT ALLEGATIONS .....................................3

APPLICABLE LEGAL STANDARDS ..................................................6

ARGUMENT ..............................................................................................8

I.     LG'S IMPLIED WARRANTY DISCLAIMER IS VALID
       AND DEFEATS PLAINTIFFS' IMPLIED WARRANTY
       CLAIMS .................................................................................8

II.    PLAINTIFFS' EXPRESS WARRANTY CLAIM FAILS FOR
       MULTIPLE REASONS .......................................................11

       A.     Plaintiffs Do Not Plead The Necessary Elements of A
              Claim Because They Do Not Allege That They
              Purchased the LG PTACs .......................................12

       B.     LG's Warranty Specifically Identified Use in A Coastal
              Setting as Being Excluded From Warranty Coverage ............13

       C.     The Limited Express Warranty Does Not Extend to
              Claims of "Design Defect" .......................................14

       D.     Plaintiffs Do Not Claim That LG Denied Them Warranty
              Coverage .................................................................16

III.   PLAINTIFFS' UNFAIR AND DECEPTIVE TRADE
       PRACTICES CLAIMS FAIL FOR SEVERAL REASONS .............17

       A.     Plaintiffs' Purported "Fraud" Allegations Do Not Meet
              the Required Heightened Pleading Standard ...........................17

       B.     The Coastal Exclusion Properly Disclosed the Risks of
              "Operating the Product in Corrosive Coastal
              Environments" .........................................................20

       C.     Conspicuous Exclusions of Environmental Conditions
              Are Not Unconscionable .............................................22

# TABLE OF CONTENTS
(continued)

PAGE

D.    Plaintiffs' Restraint of Trade Allegations Are Insufficient as They Do Not Show How Plaintiffs Were Directly Affected....................................................................................24

CONCLUSION .........................................................................................26

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Acedo v. DMAX, Ltd.*,
No. CV1502443MMMASX, 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ......................................................................................15

*Adon Constr. Inc. v. Renesola Am. Inc.*,
CV 16-00568 JAO-WRP, 2019 WL 2236073 (D. Haw. May 23, 2019) .................................................................................25, 26

*Almaden v. Peninsula Mortg., Inc.*,
No. CIV. 12-00390 HG-BMK, 2012 WL 6738512 (D. Haw. Dec. 31, 2012) ..........................................................................21

*Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*,
406 F. Supp. 3d 884 (D. Haw. 2019)....................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................6

*Barakezyan v. BMW of N. Am., LLC*,
No. CV1600173SJOGJSX, 2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) .........................................................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)....................................................6, 7

*Bruce Martin Constr., Inc. v. CTB, Inc.*,
2012 WL 6203112 (E.D. Mo. Dec. 12, 2012) ....................15

*Cooper v. Simpson Strong-Tie Co., Inc.*,
460 F. Supp. 3d 894 (N.D. Cal. 2020)..................10, 14, 22, 24

*Courbat v. Dahana Ranch, Inc.*,
111 Hawaii 254, 141 P.3d 427 (2006)............................21

*Davidson v. Apple, Inc.*,
No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ...................................................................9, 10, 15

## TABLE OF AUTHORITIES
(continued)

PAGE

*Earl M. Jorgensen Co. v. Mark Const., Inc.*,
  540 P.2d 978 (Haw. 1975) ............................................................22, 23

*Gertz v. Toyota Motor Corp.*,
  No. CV 10-1089, 2011 WL 3681647 (C.D. Cal. Aug. 22, 2011),
  *aff'd sub nom Troup v. Toyota Motor Corp.*, 545 Fed.Appx. 668
  (9th Cir. 2013) ...........................................................................15

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) (en banc) ...............................................7

*Hawaii Forest & Trail, Ltd. v. Davey*,
  2009 WL 3425302 (D. Haw. Oct. 23, 2009) ......................................10

*Hawaii Med. Ass'n. v. Hawaii Med Serv. Ass'n.*,
  148 P.3d 1179 (Haw. 2006) .............................................................25

*Hughes v. Panasonic Consumer Elecs. Co.*,
  2011 WL 2976839 (D.N.J. July 21, 2011) .........................................15

*Joaquin v. Joaquin*,
  698 P.2d 298 (Haw. App. 1985) .......................................................23

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..............................................15

*Lindstrom v. Moffett Props.*,
  2017 WL 1294001 (D. Haw. Apr. 5, 2017) .......................... 9, 10, 11, 14

*Maeda v. Pinnacle Foods Inc.*,
  390 F. Supp. 3d 1231 (D. Haw. 2019)............................. 7, 12, 18, 19

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .............................................................7

*McLendon v. Fleetwood Enterprises, Inc.*,
  No. 3:07-CV-1480-CMC, 2008 WL 1930678 (D.S.C. Apr. 30,
  2008), *aff'd sub nom* 316 F. App'x 234 (4th Cir. 2009) ....................24

# TABLE OF AUTHORITIES
(continued)

PAGE

*Miller v. Gen. Motors*,
LLC, No. 17-CV-14032, 2018 WL 2740240 (E.D. Mich. June 7, 2018) ................................................................................................. 16

*Minkler v. Apple, Inc.*,
65 F. Supp. 3d 810 (N.D. Cal. 2014) ............................................ 9, 10

*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009) ...................................................... 7, 25

*Ramelb v. Newport Lending Corp.*,
CIV. 12-00618 DKW-RL, 2014 WL 229186 (D. Haw. Jan. 14, 2014) ...................................................................................................... 22

*Rojas v. Bosch Solar Energy Corp.*,
386 F. Supp. 3d 1116 (N.D. Cal. 2019) .................................... 12, 13

*Rojas v. Bosch Solar Energy Corp.*,
443 F. Supp. 3d 1060 (N.D. Cal. 2020) .......................................... 13

*Ryan v. Salisbury*,
382 F. Supp. 3d 1031 (D. Haw. 2019) ............................................ 18

*Sakugawa v. Countrywide Bank F.S.B.*,
769 F. Supp. 2d 1211 (D. Haw. 2011) .......................................... 7, 23

*Smallwood v. NCsoft Corp.*,
730 F. Supp. 2d 1213 (D. Haw. 2010) ...................................... 18, 19

*State by Bronster v. U.S. Steel Corp.*,
919 P.2d 294 (Haw. 1996) .............................................................. 18

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig.*,
754 F.Supp.2d 1145 (C.D. Cal. 2010) ............................................ 15

*Transpay Inc. v. TMNPS, Inc.*,
No. CV 05-00590 SPK-LEK, 2006 WL 8436542 (D. Haw. June 29, 2006) .......................................................................................... 23

## TABLE OF AUTHORITIES
(continued)

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ..................................................8, 18, 19

**Statutes**

15 U.S.C. § 78u–4.................................................................................7

Cal. Com. Code § 2313.......................................................................13

Hawaii Revised Statutes
  Ann. § 490:2-302 Cmt. 1 ...............................................................22
  § 480–2.........................................................................................22, 25
  § 480-2 ..................................................................2, 20, 21, 25
  § 490:1–201 ...................................................................................10
  §§ 490:1–201, 2-316 .....................................................................14
  § 490:2-316(2) ..........................................................................9, 10
  § 490:2-316(3)(a) ..........................................................................10

**Other Authorities**

*The Law of Prod. Warranties* § 4:6 ...................................................17

4C Anderson U.C.C. § 2A-214:16 (3d. ed.) .......................................23

D. Haw. Local Rule 7.8 ......................................................................12

Federal Rules of Civil Procedure Rule 9(b)..........................7, 18, 19, 20

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................6, 8, 26

## **INTRODUCTION**

This case is a putative class action in which Plaintiffs Ingrid Weisse and Loren Bullard (collectively, "Plaintiffs") allege two breach of implied warranty claims, a breach of express warranty claim, and violations of the Hawaii consumer fraud act in connection with the marketing and sale of air conditioner products marketed and sold by Defendant LG Electronics, USA, Inc. ("LG").  Yet, Plaintiffs' Complaint suffers from numerous pleading deficiencies which cannot be resolved by amendment.

At the heart of Plaintiffs' theory is their claim that their LG PTAC[1] units[2] have failed allegedly due to premature corrosion, which Plaintiffs attribute to the installation of the LG PTACs "in the tropical climate in the State of Hawai'i." Compl. ¶ 4.  The allegations in Plaintiffs' Complaint, however, suffer from a number of fatal pleading flaws, which can be broadly categorized as falling into three areas:

---

[1] Packaged Terminal Air Conditioner units are referred to as "PTAC" units.

[2] "LG PTAC units" refer to the model numbers of PTACs owned by members of the class that Plaintiffs purport to represent.  Dkt. No. 1, Complaint ("Compl.") ¶ 34.  Where applicable, LG reserves all rights to resolve disputes with putative class members through binding arbitration on an individual basis.

*First*, Plaintiffs ignore plain language contained in the LG warranty that they attach to the Complaint.[3]  That language includes:  (i) a specific warranty exclusion for operating the LG PTACs in corrosive coastal environments; (ii) a conspicuous and clear disclaimer of all implied warranties; and (iii) a limitation of remedies to discretionary repair and replacement upon request for such remedy. These provisions, and precedent in this Court and within the Ninth Circuit, sink Plaintiffs' claims for breach of express warranty, breach of the implied warranties of merchantability and fitness for a particular purpose, and violation of Hawaii's Unfair and Deceptive Business Practices statute ("UDAP"),  HRS § 480-2.

*Second*, Plaintiffs do nothing more than claim that they own "a condominium unit" that contains the subject LG PTACs. Compl. ¶¶ 9, 10. Nowhere in the Complaint do they claim that they purchased the LG PTACs, shopped for the LG PTACs, or played any role whatsoever in the decision of which PTACs were installed in their building.  Silence on that point speaks volumes when it comes to assessing the sufficiency of the allegations to sustain the causes of action Plaintiffs seek to pursue.

---

[3] LG reserves all rights to challenge, based on factual development through discovery, whether the warranty plaintiffs attach to their Complaint is the operative warranty to them or any putative class member.

*Third*, Plaintiffs' allegations fail to meet well-settled pleading requirements. They assert fraud claims under the UDAP statute, but not with the required particularity to meet the heightened pleading standard. They recite the elements of a claim for unfair competition, but fail to specify how LG restrained competition or how they were harmed by such a restraint (since they do not claim to have purchased the LG PTACs or to have been involved in the decision to purchase them). And while they tack on an argument that LG's warranty exclusion is unconscionable, they fail to allege the necessary elements to sustain such a theory when confronted with a motion to dismiss. Indeed, they ignore legal precedent demonstrating that such exclusions, when conspicuously included in a warranty (as is the case here), are not unconscionable.

Each of Plaintiffs' claims fail, and the Complaint should be dismissed with prejudice.

## **SUMMARY OF RELEVANT ALLEGATIONS**

Plaintiffs claim they are owners of condominium units in a high-rise building located at 988 Halekauwila, Honolulu, Hawaii 96814. Compl. ¶ 7. Likewise, they allege that they "own" a number of LG PTAC units that are the subject of this litigation, *id.* ¶¶ 9-10, 26, although they do *not* allege that either of them was involved in any way with the consideration, decision or actual transaction to purchase them. Plaintiffs do nothing more than assert that the air-

3

conditioning units were installed in their condominium building, *id*. at ¶ 25, but do not allege that they were the owners of the condominium units at the time the units were installed.

According to Plaintiffs, their LG PTACs are "significantly and prematurely corroding, and leaking refrigerant," including the "sealed refrigerating system (the compressor, condenser, evaporator, and all connective tubing)" and, they allege, this is due to Hawaii being a "coastal environment" which "is corrosive for the LG PTAC units." *Id.* ¶¶ 45, 28, 49, 32. Plaintiffs state that LG did not ensure that all components of the LG PTACs, including the "framing, screws, nuts and bolts of the system were appropriate for sale and use in the State of Hawai'i." *Id.* ¶ 22. As a result, Plaintiffs assert that their LG PTACs are unfit for use in the State of Hawaii because of its "tropical climate," which Plaintiffs propose is uniform across the state. *Id.* ¶ 3.

Plaintiffs allege that they are each holders of an LG warranty covering their PTACs and assert claims for breach of the implied warranty of merchantability, the implied warranty of fitness for a particular purpose, and breach of the limited express warranty. In doing so, Plaintiffs attempt to wave off the clear and unmistakable language contained in the LG warranty. First, the LG warranty expressly identified as an exclusion the very issue about which Plaintiffs complain:

> [Claims arising from the following are excluded from the warranty:] [o]perating the Product in a corrosive coastal environment, or in an

environment containing corrosive chemical agents or other hazardous chemicals.

Plf's. Ex. 1 at 2 (the "Coastal Exclusion").[4]

But, while Plaintiffs claim in conclusory fashion that this exclusion is "unconscionable," Compl. ¶ 68, nowhere does the Complaint contain any of the necessary allegations to support such a theory.  Second, Plaintiffs also ignore the disclaimer prominently contained in the LG warranty:

> THIS WARRANTY IS IN LIEU OF ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Plf's. Ex. 1 at 2.  These warranty provisions bar Plaintiffs' pursuit of both their express and implied warranty theories against LG.

In addition to warranty claims, Plaintiffs attempt to assert that LG violated the UDAP statute, but again, those allegations are deficient.  Apart from failing to meet the required particularity standards to sustain such a claim, Plaintiffs also premise their UDAP claims on the theory that it was "deceptive" for LG to sell and/or ship LG PTACs into Hawaii because of its allegedly uniform and problematic environmental conditions.  *Id.* ¶¶ 23, 66.  As is the case with their

---

[4] "Plf's. Ex." refers to the exhibits submitted in support of Plaintiffs' Complaint, Dkt. 1.

warranty claims, however, Plaintiffs again ignore the legal import of the exclusion stated in LG's warranty.

Finally, Plaintiffs theorize that LG's "unfair and/or deceptive business practices also amount to unfair competition" because they hid the "true market value of the LG PTACs." *Id.* ¶ 69.  While this may be a proper recitation of the basic elements of an unfair competition claim, it has no application here because Plaintiffs do not allege anything about how the decision was reached to purchase the subject LG PTACs, or *how* there was alleged unfair competition as it relates to the purchase in question.  In sum, Plaintiffs do not allege – as they must if they are to properly pursue such a claim – what the nature of the competition was, whether anyone engaged in comparative assessments of products similar to LG PTAC units, *how* there was allegedly a negative impact on competition (other than in the conclusory fashion they allege), and whether there would have been a different purchasing decision made.

Given the cascade of pleading deficiencies in the Complaint, it should be dismissed.

## APPLICABLE LEGAL STANDARDS

Plaintiffs' Complaint fails to meet the applicable legal standards under Rule 12(b)(6) and must be dismissed as it fails to set forth claims that are plausible on their face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 554, 556 (2007).  While the Court must accept as true all well-pleaded factual allegations, it need not credit "conclusory allegations," *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).   "[B]are assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 555.  Where the factual allegations are not "sufficient to raise a plaintiff's right to relief above a speculative level," as is the case here, the claim should be dismissed.  *Twombly*, 550 U.S. at 555.

As to Plaintiffs' UDAP claims, they fail to satisfy the more "stringent pleading requirements" of Rule 9(b), as a plaintiff is required to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit precedent, "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *Sakugawa v. Countrywide Bank F.S.B.*, 769 F. Supp. 2d 1211, 1216 (D. Haw. 2011) (emphasis in original) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), *superseded on other grounds by* 15 U.S.C. § 78u–4.  Specifically, Plaintiffs must plead "the time, place, and nature of the alleged fraud," *id.*, in a manner that is "'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Maeda*

*v. Pinnacle Foods Inc.*, 390 F. Supp. 3d 1231, 1251 (D. Haw. 2019) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)).

Plaintiffs' Complaint fails to meet these standards.

## ARGUMENT

## I.   LG'S IMPLIED WARRANTY DISCLAIMER IS VALID AND DEFEATS PLAINTIFFS' IMPLIED WARRANTY CLAIMS

Plaintiffs allege two implied warranty claims, one for merchantability and the other for fitness for a particular purpose.  Each one fails.  Both are premised on the purchase of the LG PTACs for use in Hawaii:  with respect to the merchantability claim, Plaintiffs allege that LG PTACs are defective and not fit for their ordinary purposes in Hawaii, *see* Compl. ¶ 55, and with respect to the fitness for a particular purpose claim, Plaintiffs allege that LG knew the LG PTACs would be used in "the environmental conditions in the State of Hawai'i," that Plaintiffs relied on defendants' skill and judgment to sell LG PTACs fit for Hawaii's particular environmental conditions, and that the LG PTACs were not fit for those conditions.  *Id.* ¶¶ 59-61.  Neither claim can proceed past a Rule 12(b)(6) challenge as LG's written disclaimer defeats the implied warranty claims.

LG's disclaimer is on the top right-hand corner of the single-page warranty, in fully capitalized language that sets it apart from the rest of the warranty, and is

under a bolded heading which denotes the only section of the warranty for exclusions and limitations.  The disclaimer states:

> "THIS WARRANTY IS IN LIEU OF ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."

Plf's. Ex. 1 at 2.

As a result, it satisfies the relevant legal standard, because disclaimers of the implied warranties of merchantability and fitness for a particular purpose are upheld if they are in writing and conspicuous, and for the implied warranty of merchantability, specifically mentions "merchantability."   HRS § 490:2-316(2); *see Lindstrom v. Moffett Props.*, 2017 WL 1294001, at *5 (D. Haw. Apr. 5, 2017) (dismissing implied warranty claims based on disclaimer of such warranties in capitalized font); *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *14 (N.D. Cal. Mar. 14, 2017) (dismissing implied warranty claims for defective iPhones based on disclaimer with capitalized language substantially similar to the disclaimer in this case); *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014) (implied warranties for malfunctioning navigational software were properly disclaimed by "clear language and capitalized formatting").

Here, LG's disclaimer is conspicuous as required by Hawaii law, which defines "conspicuous" as a term "so written, displayed, or presented that a

reasonable person against which it is to operate ought to have noticed it." Under

HRS § 490:1–201, "[c]onspicuous terms include the following":

> (1) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and (2) Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

*Id.* The LG disclaimer refers to "merchantability," *see* HRS § 490:2-316(2), and

contains clear language directing "the buyer's attention to the exclusion of

warranties and makes plain that there is no implied warranty." HRS § 490:2-

316(3)(a). This Court and other Courts within the Ninth Circuit have found that

such visual markers constitute a sufficiently conspicuous disclaimer. *Hawaii*

*Forest & Trail, Ltd. v. Davey*, 2009 WL 3425302, at *6 (D. Haw. Oct. 23, 2009)

(upholding disclaimers which "clearly state[d] that the vehicles were sold without

any express or implied warranties"); *Lindstrom*, 2017 WL 1294001, at *5

(dismissing express and implied warranty of merchantability, fitness, and

habitability claims with prejudice based on capitalized disclaimer); *Davidson*, 2017

WL 976048, at *14 (granting motion to dismiss, finding that capitalized language

which is almost identical to LG's disclaimer was sufficient); *Minkler*, 65 F. Supp.

3d at 819 (dismissing breach of implied warranty claim, finding that because

defendant's disclaimer was "stated in clear language and capitalized formatting" it

was sufficiently conspicuous); *Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F.

Supp. 3d 894, 913-914 (N.D. Cal. 2020) (finding even a non-capitalized/non-bolded disclaimer for effect of environmental conditions on product sufficient to dismiss express warranty claims, because it was located on first page of warranty).

Here, LG's disclaimer – on the top right-hand corner of the single-page warranty, in fully capitalized language that sets it apart from the rest of the warranty, and under a bolded heading which denotes the only section of the warranty for exclusions and limitations – is sufficiently detailed and conspicuous. "Because amendment would be futile, [Plaintiffs'] claim[s] for breach of [implied] warranties" must be dismissed with prejudice. *Lindstrom*, 2017 WL 1294001, at *6.

## II.   PLAINTIFFS' EXPRESS WARRANTY CLAIM FAILS FOR MULTIPLE REASONS

Plaintiffs' express warranty claim fails for at least four reasons. First, Plaintiffs fail to plead the necessary elements of a cause of action for breach of express warranty. Second, LG's warranty contained an express exclusion for the very issue about which Plaintiffs complain. Third, Plaintiffs cannot, as they have tried to do, backdoor a design defect claim into a materials or workmanship warranty. And fourth, Plaintiffs do not allege that LG denied them repair or replacement of their units, which is the remedy that the LG warranty provides.

### A. Plaintiffs Do Not Plead The Necessary Elements of A Claim Because They Do Not Allege That They Purchased the LG PTACs

Nowhere in the Complaint do Plaintiffs allege that they purchased the LG PTACs – or had any part in the decision to do so. They do not allege they were parties to the bargain, as they must be to pursue an express warranty claim. Plaintiffs do nothing more than allege that they presently "own" condominium units, where the LG PTACs had been installed. Compl. ¶ 7. This is insufficient to sustain a breach of express warranty claim. To establish a breach of express warranty, a plaintiff must show that: "(1) Defendant made an affirmation of fact or promise regarding the product; (2) that statement became part of the basis of the bargain; and (3) the product failed to perform according to the statement." *Maeda*, 390 F. Supp. 3d at 1254. A necessary predicate to a statement becoming a part of the basis of the bargain is a bargain in the first place. But Plaintiffs here do not allege that the warranty was part of the basis of their bargain or that there was a bargain at all. Plaintiffs simply plead that they own condominium units, and the LG PTACs are in those units. (Compl. ¶¶ 9, 10).[5] This, alone, merits dismissal of Plaintiffs' express warranty claims. *See Rojas v. Bosch Solar Energy Corp.*, 386 F. Supp. 3d 1116, 1125 (N.D. Cal. 2019) (dismissing first amended complaint for not

---

[5] *See also* Certificate of Compliance Pursuant to Local Rule 7.8, dated August 6, 2021 ("Rule 7.8 Statement").

sufficiently alleging that warranty was part of the basis of the bargain).[6]  In *Rojas*, the court found that plaintiff's second amended complaint was sufficiently pled because they expanded on their allegations by alleging that the limited warranty "was critical to [plaintiff] in deciding to purchase the [product]."  *Rojas v. Bosch Solar Energy Corp.*, 443 F. Supp. 3d 1060, 1075 (N.D. Cal. 2020).  No such allegations have been pled here (nor can they be).  There was no bargain between Plaintiffs and LG.

### B.    LG's Warranty Specifically Identified Use in A Coastal Setting as Being Excluded From Warranty Coverage

As Plaintiffs acknowledge at several points in their Complaint, LG's express warranty openly excluded coverage for defects arising from "[o]perating the Product in a corrosive coastal environment, or in an environment containing corrosive chemical agents or other hazardous chemicals[.]"  Compl. ¶¶ 32, 66, 68, Plf's. Ex. 1, at 2.  Yet, Plaintiffs read the Coastal Exclusion out of the warranty and premise their Complaint on exactly the type of harm that the Coastal Exclusion covers.  *See* Compl. ¶¶ 44, 48.  Hawaii law does not permit Plaintiffs to do so - the Coastal Exclusion defeats Plaintiffs' express warranty claim at the motion to dismiss stage.

---

[6] California law similarly requires plaintiff to plead that the "description of the goods [] is made part of the basis of the bargain."  Cal. Com. Code § 2313.

Under Hawaii law, specific exclusions are upheld if they are presented with the same specificity and conspicuousness as previously discussed above as to implied warranty disclaimers. HRS §§ 490:1–201, 2-316. LG's Coastal Exclusion, Plf's. Ex. 1 at 2**,** is presented in the center of the single-page warranty, under a clear capitalized and bolded heading which denotes the only section of the warranty for exclusions. All of these elements have been held to be sufficiently conspicuous by courts within the Ninth Circuit, including the District of Hawaii. *See e.g., Lindstrom*, 2017 WL 1294001 at * 5; *Cooper*, 460 F. Supp. 3d at 913 (finding non-capitalized/non-bolded exclusion for effect of environmental conditions on construction fasteners, located on first page of warranty, sufficient to dismiss express warranty claims).[7]

### C.   The Limited Express Warranty Does Not Extend to Claims of "Design Defect"

Plaintiffs also attempt to predicate their express warranty claim on alleged design defects in the PTAC units. *See*, *e.g.*, Compl ¶¶ 2, 3, 21, 23, 48, 61; Plf's. Ex. 2 at 1 ("Warranty Claimants assert that the PTAC units are defective in materials, design, and manufacture in that the condenser, evaporator and all connective tubing has failed due to a defect in manufacturing and workmanship."). LG's limited warranty, however, does not cover design defects; it provides

---

[7] *See also supra* at 9-10.

14

coverage for any "defect in materials or workmanship under normal use."  Plf's. Ex. 1 at 2.  Courts have consistently held that warranties for "materials or workmanship" do not extend coverage to design defects.  *See, e.g., Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Indeed, courts in this district and circuit have repeatedly held that warranties covering 'materials or workmanship' do not cover design defects.") (citing cases); *Acedo v. DMAX, Ltd.*, No. CV1502443MMMASX, 2015 WL 12696176, at *23 (C.D. Cal. Nov. 13, 2015) (dismissing express warranty claim because, regardless of what state's law applied to the claim, "[t]he language of the warranty [at issue]" like the one at issue here, "clearly limits coverage to 'defects in materials and workmanship'", which does not cover design defects); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig*., 754 F.Supp.2d 1145, 1180–81 (C.D. Cal. 2010); *Davidson*, 2017 WL 976048, at *11–12 (N.D. Cal. Mar. 14, 2017); *Gertz v. Toyota Motor Corp*., No. CV 10-1089, 2011 WL 3681647 (C.D. Cal. Aug. 22, 2011), *aff'd sub nom Troup v. Toyota Motor Corp*., 545 Fed.Appx. 668 (9th Cir. 2013); *Bruce Martin Constr., Inc. v. CTB, Inc.*, 2012 WL 6203112, at *4 (E.D. Mo. Dec. 12, 2012); *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839, at *19 (D.N.J. July 21, 2011) (rejecting breach of express warranty based on design defect because warranty was limited to defects in materials and workmanship).  LG's warranty is limited to defects in "materials or

workmanship" and does not extend coverage to design defects; Plaintiffs' express warranty claim based on alleged design defects must be dismissed with prejudice.

### D.    Plaintiffs Do Not Claim That LG Denied Them Warranty Coverage

LG's limited warranty provides replacement or repair protection for products considered "defective in materials or workmanship under normal use," for specified time periods.  Plf's. Ex. 1, at 2.  It is axiomatic that consumers must request warranty coverage before they can claim breach for any failure to provide the same.  *See, e.g., Barakezyan v. BMW of N. Am., LLC*, No. CV1600173SJOGJSX, 2016 WL 2840803, at *6 (C.D. Cal. Apr. 7, 2016) ("Plaintiff has not alleged that he complied with this contractual warranty requirement [to seek repair]. This alone is cause for dismissal of Plaintiff's breach of express warranty claim.").  Here, Plaintiffs do not allege that they requested repair or replacement of their LG PTACs and that LG denied such a request.[8] Plaintiffs have thus failed to allege a claim for breach of the limited express warranty that LG provided.  *See Miller v. Gen. Motors*, LLC, No. 17-CV-14032, 2018 WL 2740240, at *6 (E.D. Mich. June 7, 2018) (finding complaint failed to allege breach of repair and replace provision in limited warranty because it did not

---

[8] Plaintiffs' only notification to LG that there was a problem with their units was a letter, written years after the purchase, from their attorney sent ten days before the Complaint in this action was filed.  Compl. Ex. 2.

allege "that Plaintiffs ever presented their vehicles to GM for repair and that GM refused or was unable to repair their vehicles"); *cf. The Law of Prod. Warranties* § 4:6 (explaining that "[i]f the seller follows through on its remedial promises, there can be no breach of express warranty" that is "built upon the seller's promise to repair or replace parts upon the happening of some event.").

### III.   PLAINTIFFS' UNFAIR AND DECEPTIVE TRADE PRACTICES CLAIMS FAIL FOR SEVERAL REASONS

Each of Plaintiffs' UDAP claims fail.  First, Plaintiffs' allegations do not meet the particularized pleading requirements for allegations concerning fraud, Second, Plaintiffs' allegations are logically inconsistent.  On the one hand, Plaintiffs claim that LG "failed to disclose that LG PTAC components were unfit for use" in Hawaii, but on the other, Plaintiffs acknowledge repeatedly that LG's Coastal Exclusion was disclosed to consumers.  Compl. ¶¶ 32, 66, 68.  Third, LG's Coastal Exclusion is not deceptive or unconscionable under Hawaii law. And fourth, Plaintiffs were not involved with the decision to purchase the units and thus do not adequately articulate their theory for how LG's conduct constitutes an unfair restriction of trade.

### A. Plaintiffs' Purported "Fraud" Allegations Do Not Meet the Required Heightened Pleading Standard

Plaintiffs' allegations of fraud do not meet the required pleading standard. UDAP allegations based on fraud are subject to the particularity requirements of

Fed. R. Civ. P. 9(b).  *See Maeda*, 390 F. Supp. 3d 1251 (dismissing UDAP claim for failure to plead the "who, what, when, where, and how" of the alleged misconduct); *Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, 406 F. Supp. 3d 884, 901, 905 (D. Haw. 2019) (same); *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1054 (D. Haw. 2019) (same); *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010).  Under rule 9(b) the "who, what, when, where, and how of the alleged misconduct must accompany averments of fraud."  *Maeda,* 390 F. Supp. 3d at 1251  (citing *Vess*, 317 F.3d at 1106).

"'Deceptive' acts or practices are distinct from 'unfair' acts or practices, both in how they are defined and in the standard by which they are proved."  *State by Bronster v. U.S. Steel Corp.*, 919 P.2d 294, 313 (Haw. 1996) (defining a deceptive act "as an act causing, as a natural and probable result, a person to do that which he [or she] would not otherwise do.").  If a plaintiff's UDAP claim is entirely based on an alleged "unified course of fraudulent conduct," then it is "grounded in fraud" and the entire claim is subject to the Rule 9(b) standard.  *Vess*, 317 F.3d at 1103-04.  If, however, the plaintiff alleges some fraudulent and some non-fraudulent conduct, then the court only applies the Rule 9(b) standard to the fraudulent allegations.  *Id*.  Allegations that a defendant concealed the defective nature of its products is an allegation grounded in fraud.  *See Bronster*, 919 P.2d at 313 (finding UDAP claim related to sale of corroding steel to be claim of a

18

"deceptive" rather than "unfair" act or practice). Plaintiffs allege that LG had actual/constructive knowledge of PTAC defects but sold them anyway, and that Plaintiffs would not have bought these units but for that deception – hence, they are fraud-based claims subject to the Rule 9(b) pleading standard. *See* Compl. ¶¶ 59-60.[9]

The allegations in *Maeda*, which this Court found to be insufficiently particularized, are largely similar to the allegations in this case. *See Maeda*, 390 F. Supp. 3d at 1251-52 (D. Haw. 2019) (dismissing without prejudice, plaintiff's UDAP claim for lack of particularized allegations because averments of fraud "must identify what is false or misleading about a statement, and why it is false."). In *Maeda*, the plaintiff made conclusory allegations that defendant's "conduct of misrepresenting, concealing, suppressing, or otherwise omitting its actual practices created a likelihood of confusion or of misunderstanding and was both unfair and deceptive." *Id.* at 1251-52.  Plaintiffs here make similar conclusory allegations, alleging that LG's failure to disclose that its units were unfit for use in Hawaii while also disclaiming damage from a "corrosive coastal environment" were "unfair and/or deceptive business practices [that] also amount to unfair competition

---

[9] Plaintiffs' UDAP allegations are "grounded in fraud," so "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103–04; *Smallwood*, 730 F. Supp. 2d at 1232 (dismissing UDAP claim for failure to plead with particularity).

under HRS § 480-2."  Compl. ¶¶ 66, 69.  Plaintiffs also allege that these "unfair and deceptive business practices negatively affected competition by hiding the true market value of the LG PTACs."  Compl. ¶ 69.  But Plaintiffs do not plead that they received these statements from LG, when they received them, how LG hid the true market value of these units, or that they ever actually considered purchasing any other PTAC units.  Plaintiffs' allegations of deceptive acts are not pleaded with sufficient particularity and fail to meet the required Rule 9(b) standard.

### B.  The Coastal Exclusion Properly Disclosed the Risks of "Operating the Product in Corrosive Coastal Environments"

Plaintiffs cannot have it both ways:  they simultaneously allege that LG failed to disclose that "LG PTAC components were unfit for use in the State of Hawai'i…,"  Compl. ¶ 66, using this claim to support their theory that LG "engaged in unfair and deceptive acts or practices" under HRS § 480-2,[10] while at the same time acknowledging that LG notified consumers that its PTAC units should not be used in "corrosive coastal environment[s]."  Compl. ¶¶ 32, 66, 68, Plf's. Ex. 1, at 2.  Plaintiffs' theory has no basis in law.

───────────────

[10] Specifically, Plaintiffs allege that LG "engaged in unfair and deceptive acts or practices" by (1) putting defective PTAC units into Hawaii that they knew were unfit for Hawaii's allegedly uniform coastal environment, and (2) disclaiming any warranty for those units when used in a "corrosive coastal environment." Compl. ¶ 66.

Hawaii law provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." HRS § 480-2. The Hawaii Supreme Court has described "deceptive acts or practices" as those having "the capacity or tendency to mislead or deceive." *Almaden v. Peninsula Mortg., Inc.*, No. CIV. 12-00390 HG-BMK, 2012 WL 6738512, at *9 (D. Haw. Dec. 31, 2012) (citing *Courbat v. Dahana Ranch, Inc.*, 111 Hawaii 254, 141 P.3d 427, 434–435 (2006)). Under the UDAP statute, it is unlawful to engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." HRS § 480-2. At the root of Plaintiffs' pleading deficiencies, however, is the fact that it is not clear from Plaintiffs' Complaint how explicitly excluding use from a "corrosive coastal environment" deceived Plaintiffs or was an unfair or deceptive commercial practice.

"The Hawaii Supreme Court has adopted the Federal Trade Commission's three-part analytical *Cliffdale Assocs*. test for deception." *Almaden*, 2012 WL 6738512, at *9. Under that test, "a deceptive act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under circumstances where (3) the representation, omission, or practice is material." *Id*. This inquiry is objective – the test is "whether the act or omission 'is likely to mislead consumers.'" *Courbat*, 111 Haw. at 262 (internal citation omitted). LG's coastal environment warranty exclusion put consumers on notice

about the possibility of the issue.  *See Cooper*, 460 F. Supp. 3d at 913 (dismissing deceptive practices claim where defendant's product guide made clear the possibility of corrosion); *Ramelb v. Newport Lending Corp*., CIV. 12-00618 DKW-RL, 2014 WL 229186 (D. Haw. Jan. 14, 2014) (dismissing HRS § 480–2 claim because potential charges were "disclosed to Plaintiffs").   Hence, there was no material representation, omission, or practice likely to mislead a reasonable consumer acting under reasonable circumstances.   Any reasonable consumer would read the disclaimer, be advised of the warning and be able to make an informed decision as to whether he/she wanted to use the product in his/her particular location.

### C.   Conspicuous Exclusions of Environmental Conditions Are Not Unconscionable

As part of their UDAP claim, Plaintiffs argue that LG disclaimer was "unconscionable since [LG] knew or should have known of the environmental conditions in the State of Hawaiʻi prior to selling their PTAC units in the State." Compl. ¶ 68.  But that is not enough.  For a contract to be "unconscionable," the terms must be "so *one-sided* as to be unconscionable under the circumstances existing at the time of the making of the contract . . . The principle is one of the prevention of oppression and *unfair surprise* . . . "; HRS Ann. § 490:2-302 Cmt. 1 (emphasis added); *Earl M. Jorgensen Co. v. Mark Const., Inc*., 540 P.2d 978, 984 (Haw. 1975).  As detailed below, advising potential product users that operation in

a "corrosive coastal environment" is not covered by a warranty cannot be fairly characterized as "one-sided" or an "unfair surprise," and is therefore not unconscionable as a matter of law.

Plaintiffs here fail to sufficiently allege unconscionability.  *See Sakugawa*, 769 F. Supp. 2d at 1223   (finding plaintiff failed to state a claim for unconscionability as their allegations "did not speak to any unconscionable terms in the contract, nor [were] they limited to behavior" surrounding the making of the contract).  Plaintiffs do not allege that the transaction was one-sided or that the exclusion was an "unfair surprise," nor can they.  *See Joaquin v. Joaquin*, 698 P.2d 298, 304 (Haw. App. 1985) (since plaintiff "had made a meaningful choice. His subsequent dissatisfaction with the foreseeable consequences of his choice [did] not cause his contract or the decree to be unconscionable."); *see also Transpay Inc. v. TMNPS, Inc*., No. CV 05-00590 SPK-LEK, 2006 WL 8436542, at *6 (D. Haw. June 29, 2006).  As an unfair lack of knowledge on the part of the consumer is at the core of the test for unconscionability, warranty disclaimers are not unconscionable if they are conspicuous and not overly one-sided. *See* 4C Anderson U.C.C. § 2A-214:16 (3d. ed.) ("A conspicuous warranty disclaimer is not unconscionable."); *Earl M. Jorgensen Co.*, 540 P.2d at 984-85 (limitations of warranty remedies "have withstood attacks of unconscionability" and citing examples); *Joaquin*, 698 P.2d at 304 ("[a] contract is not unconscionable unless it

23

involves 'an absence of meaningful choice on the part of one of the parties together with contract terms [that] are unreasonably favorable to the other party.'"). Since LG's coastal environment exclusion is conspicuous, and environmental exclusions are not out of the ordinary, LG's exclusion cannot be considered "unconscionable."[11]

### D. Plaintiffs' Restraint of Trade Allegations Are Insufficient as They Do Not Show How Plaintiffs Were Directly Affected

Plaintiffs do not allege that they bought the LG PTACs at issue in this suit, that they considered any other PTAC units, that they were induced to buy the LG PTACs by any representations made by LG, or that they were involved in the purchasing decision at all. Plaintiffs therefore fail to state a claim for restraint of trade because they do not claim that *they* were affected by LG's supposedly unfair acts or how those acts purportedly negatively affected competition, as is required to state a UDAP claim for unfair competition. To properly plead an unfair competition claim, Plaintiffs must allege "the nature of the competition,"

---

[11] Indeed, Courts have found warranty exclusions involving environmental conditions to be valid. *See Cooper*, 460 F. Supp. 3d at 914 (a limited warranty used to disclaim corrosive damage from environmental conditions was not unconscionable); *McLendon v. Fleetwood Enterprises, Inc.*, No. 3:07-CV-1480-CMC, 2008 WL 1930678 (D.S.C. Apr. 30, 2008), *aff'd sub nom* 316 F. App'x 234 (4th Cir. 2009) (disclaimer for "[d]efects caused by or related to:…Environmental conditions (salt, hail, chemicals, in the atmosphere, etc.)" upheld on summary judgment).

specifically explaining how "he or she was harmed as a result of actions of [D]efendant" and "demonstrating how Defendants conduct would negatively affect competition." *Adon Constr. Inc. v. Renesola Am. Inc.*, CV 16-00568 JAO-WRP, 2019 WL 2236073, at *6 (D. Haw. May 23, 2019) (citation omitted); HRS § 480–2.  Plaintiffs' lone allegation about unfair competition states: "Defendants' unfair and/or deceptive business practices also amount to unfair competition under HRS § 480-2. Defendants' unfair and deceptive business practices negatively affected competition by hiding the true market value of the LG PTACs; thus, giving Defendants an unfair market advantage relative to other air conditioner options." Compl. ¶ 69.  Such a bare and rote recitation of the "elements" of a cause of action is insufficient to survive a motion to dismiss.  *See e.g., Moss*, 572 F.3d at 969.

In *Renesola Am. Inc.*, this Court found that plaintiffs had stated a cause of action for unfair competition under HRS § 480–2.  2019 WL 2236073, at *6.  But the allegations here lack any semblance of the specificity that this Court deemed sufficient in *Renesola*.   Rather, Plaintiff in *Renesola* alleged that (1) they considered other similar products and that defendant's deception "actively harmed and prejudiced the position of PLAINTIFF, as PLAINTIFF was unable compare [sic] the true product against other competitors," and (2) defendant's deception induced plaintiff to rely on defendant's representations.  *Id.* at *6  (summarizing allegations deemed sufficient); *see also Hawaii Med. Ass'n. v. Hawaii Med Serv.*

25

*Ass'n.*, 148 P.3d 1179, 1213-1215 (Haw.2006) (plaintiffs sufficiently pleaded the "nature of the competition," by alleging that, among other things, they were "denied monies to which they are lawfully entitled," and that defendant's conduct "impos[ed] financial hardships on, and in some cases threaten[ed] the continued viability of, the medical practices run by [the plaintiffs]").  The Complaint here has no such specificity.

Plaintiffs do not allege that they relied on the market value of LG PTACs, considered purchasing PTAC units manufactured by any of LG's competitors, or that LG's representations induced them to purchase the PTAC units.   *Contra Renosola*, 2019 WL 2236073, at *6.  Plaintiffs' pleading deficiency is underscored by the fact that neither Plaintiff actually purchased the LG PTACs, a flaw that cannot be remedied through amendment.  *See* Rule 7.8 Statement.   Plaintiffs' UDAP claims thus fail and should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons discussed above, Plaintiffs' Complaint fails to state a claim for relief.  It should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED:  New York, New York, August 6, 2021.

/s/ Phoebe A. Wilkinson
PHOEBE A. WILKINSON
MOHAN WARUSHA HENNADIGE
JACK SHAKED
*Admitted pro hac vice*

EDMUND K. SAFFERY
DEIRDRE MARIE-IHA

Attorneys for Defendant
LG ELECTRONICS USA, INC.