**KASDAN TURNER THOMSON BOOTH LLLC**
KENNETH S. KASDAN          10710
SHARLA MANLEY               8868
CHRISTOPHER K. HIKIDA    10935
1003 Bishop Street, Suite 1180
Honolulu, Hawai'i 96813
Tel: (808) 369-8393

Attorneys for Plaintiffs and the Class

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INGRID WEISSE and LOREN BULLARD, Individually and in their Representative Capacities and on Behalf of a Class of All Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; and DOE ASSOCIATIONS 1-10,<br><br>        Defendants. | CIVIL NO. 1:21-cv-0281-JAO-KJM<br><br>**AMENDED COMPLAINT; EXHIBITS "1" – "3"; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE** |

## AMENDED COMPLAINT

1.     Plaintiffs INGRID WEISSE, and LOREN BULLARD (collectively, "Plaintiffs") in their individual and representative capacities and on behalf of the Class of all persons similarly situated, by their undersigned attorneys, allege the following on information and belief.

## INTRODUCTION

2.     This class action is brought on behalf of all owners of PTAC units manufactured by Defendants LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC. ("LG PTAC units") and sold in the State of Hawai'i.  The LG PTAC units are defective in materials, design and manufacture in that the condenser, evaporator, high pressure switch, and all connective tubing has failed due to a defect in manufacturing and workmanship.

3.     The LG PTAC units are unfit for sale and use in the State of Hawai'i. The units are defective in design, manufacturing and materials, and are unfit for installation in the tropical climate in the State of Hawai'i.

4.     Extensive corrosion has occurred in the components of the sealed refrigerating system.  As a result, refrigerant has leaked from the system. Additionally, components—including the heater, heater protections, solenoids, capacitors, wiring and hardware—have corroded as well as framing, screws, nuts and bolts of the system.

5.    As a result of the corrosion, LG PTAC units have failed and are leaking refrigerant from the pipes, tubes, switches, and condensers.  The refrigerant leaks have impeded the ability of the PTAC units to function properly.  Refrigerant leaks pose a danger to human health.

6.    Defendants LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC. (collectively "Defendants" or "LG") sold and/or shipped the LG PTAC units to consumers in the State of Hawai'i.  As the direct result of LG's conduct, Plaintiffs and other class members' LG PTAC units are corroding, leaking refrigerant, and not functioning properly.

## PARTIES

7.    Plaintiffs own condominium units in a high-rise building located at 988 Halekauwila, Honolulu, Hawai'i 96814.  LG PTAC units were installed in the condominium units in the building including in Plaintiffs' condominium units.

8.    The submittal to install LG PTAC units in the building was approved on June 1, 2017.  Upon information and belief, Plaintiffs' LG PTAC units were purchased and installed after the submittal was approved.

9.    Plaintiff INGRID WEISSE is, and at all relevant times was, an individual resident residing in Honolulu, Hawai'i.  Plaintiff INGRID WEISSE owns a condominium unit with three (3) LG PTAC units.

10.    Plaintiff LOREN BULLARD is, and at all relevant times was, an

3

individual resident residing in Honolulu, Hawaiʻi.  Plaintiff LOREN BULLARD owns a condominium unit with two (2) LG PTAC units.

11.    Plaintiffs' purchase agreements provided that the execution, delivery and recordation of Plaintiffs' condominium deed shall constitute an assignment of any and all warranties relating to the Unit, including any manufacturer's or dealer's warranties covering the furnishings and appliances in the condominium unit.

12.    Plaintiffs' LG PTAC units are all covered by the LG Packaged Terminal Air Conditioner Systems Warranty ("LG Warranty") provided by Defendants that gives them the right to pursue the claims set forth herein, both individually and on behalf of a class of similarly situated persons.  Exhibit 1. Plaintiffs are the warranty holders for their LG PTAC units.  Specifically, the LG Warranty provided by Defendants notes that Defendants warrants LG PTACs "against defect in materials or workmanship under normal use . . . ."

13.    For a period of one year, LG provides a warranty for:

Any part of the LGE Packaged Terminal Air-Conditioner that fails because of a defect in materials or workmanship.  During this full one-year warranty, LGE will also provide, free of charge, all labor and on-site service to replace the defective part.

14.    For a period of five years, LG provides a warranty for:

Any part of the sealed refrigerating system (the compressor, condenser, evaporator, and all connecting tubing) that fails because of a defect in materials or workmanship.  During this full five-year sealed refrigerating system warranty, LGE will also provide, free of charge, all labor and on-site service to replace the defective part.

15.    The LG Warranty also provides:

For the second through the fifth year from the date of original purchase, LGE will replace certain parts that fail due to a defect in materials or workmanship.  Parts covered are fan motors, switches, thermostats, heater, heater protectors, compressor overload, solenoids, circuit boards, auxiliary controls, thermistors, frost controls, ICR pump, capacitors, varistors, and indoor blower bearing.  During this limited five-year parts warranty, you will be responsible for any labor or on-site service costs.

16.    On April 30, 2021, Plaintiffs sent Defendants a warranty claim on behalf of themselves and all owners of LG PTAC units in the State of Hawaiʻi.  Exhibit 2.  Defendants failed to respond to Plaintiffs' warranty claim on behalf of themselves and all owners of LG PTAC units in the State of Hawaiʻi.

5

17.     Defendant LG ELECTRONICS, INC. is a Korea-based company in the business of consumer electronics, home appliances and mobile communications, including manufacturing and selling PTAC units.  Defendant LG ELECTRONICS, INC. is listed as the warrantor on the LG Warranty provided to Plaintiffs.

18.     Defendant LG ELECTRONICS USA, INC. is the Northern American subsidiary of Defendant LG ELECTRONICS, INC.  Defendant is in the business of consumer electronics, home appliances and mobile communications, including manufacturing and selling PTAC units.  Defendant LG ELECTRONICS USA, INC. is incorporated in Delaware with its main office located in Englewood Cliffs, New Jersey.  LG ELECTRONICS USA, INC. is listed as the warrantor on subsequent versions of the LG Warranty.  Exhibit 3.

19.     Plaintiffs are informed and believe that Defendants were at all relevant times, for-profit companies doing business in the state of Hawai'i, with representatives in Hawai'i, and shipped their products to Hawai'i.

20.     Plaintiffs have reviewed public and other records available to them in order to ascertain the true and full names and identities of all defendants in this action, but Plaintiffs have no further knowledge or information at this time regarding all responsible parties and are unable to ascertain the identity of defendants in this action designated as Does 1-10; Doe Partnerships 1-10; Doe

6

Corporations 1-10; Doe Governmental Agencies 1-10 and Doe Associations 1-10 (collectively, the "Doe Defendants").  The Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiffs, except that they may be connected in some manner with the named defendant, such as being agents, servants, employees, employers, representatives, co-venturers, associates or independent contractors of Defendants and/or were in some manner presently unknown to the Plaintiffs engaged in activities such as designing, manufacturing, selling, or distributing the LG PTAC units.  The Doe Defendants' true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiffs or their attorneys.  Plaintiffs pray for leave to amend this Complaint to show the true names and capacities, activities and/or responsibilities when the same has been discovered.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over the subject matter of this class action pursuant to 28 USC § 1332 because the amount in controversy exceeds $5,000,000, exclusive of interest and cost, and the action is between citizens of different states.

22.    Venue in the United States District Court for the District of Hawaii is proper pursuant to 28 USC § 1391 because a substantial part of the events or omissions giving rise to the plaintiffs' claims and causes of action occurred in this

judicial district.

## GENERAL ALLEGATIONS

23.    Homeowners reasonably expected that their LG PTAC units would not fail, due to a defect in design and manufacture.

24.    Defendants designed, manufactured, sold, and/or shipped LG PTAC units to Plaintiffs and the Class Members without ensuring that the components of the sealed refrigerating system, along with the heater, heater protections, solenoids, capacitors, wiring and hardware, framing, screws, nuts and bolts of the system were appropriate for sale and use in the State of Hawaiʻi.

25.    Before the Plaintiffs and Class Members bought their LG PTAC units, Defendants knew or should have known that LG PTAC units contained an inherent defect and were unfit for sale and use in the State of Hawaiʻi.  Due to the environmental conditions in the State of Hawaiʻi—including elevated atmospheric chloride levels—LG PTAC units are expected to significantly and prematurely corrode, causing refrigerant leaks impeding the ability of the LG PTAC units to function properly.  Refrigerant leaks also pose a danger to human health.

26.    Despite being unfit for sale and use in Hawaiʻi, Defendants designed, marketed, sold, and/or shipped the LG PTAC units in Hawaiʻi.

27.    For instance, Defendants designed, manufactured, sold, and/or shipped LP073CDUC, LP123CDUC, and LP153CDUC, which were installed in

Plaintiffs' high-rise building.

28.    Plaintiff INGRID WEISSE owns one LP123CDUC PTAC unit and two LP073CDUC PTAC units.  Plaintiff LOREN BULLARD owns one LP123CDUC PTAC unit and one LP073CDUC PTAC unit.

29.    Defendants also designed, manufactured, sold, and/or shipped the following models of LG PTAC units in Hawai'i:

- LP***CD2B;

- LP***HD2B;

- LP***CD3B;

- LP***HD3B

- LP***CDUC; and

- LP***HDUC*.

30.    The LG PTAC units owned by Plaintiffs and the Class Members are significantly and prematurely corroding, and leaking refrigerant, which impedes the ability of the LG PTAC units to function properly and fails to function as any consumer would expect.  Refrigerant leaks also endanger Plaintiffs' and Class Members' health.

31.    LG PTAC units are manufactured with crevices that are subject to corrosion and cause refrigerant leaks.

32.    As a direct result of Defendants' conduct described herein, LG PTAC

9

units must be replaced with PTAC units which are fit for use in the environment in the State of Hawai'i and are not subject to significant and premature corrosion.

33.    Defendants provided a comprehensive written warranty with each LG PTAC unit sold.  Exhibit 1.  There is no class action prohibition in the LG Warranty.

34.    Pursuant to the LG Warranty, Defendants warranted against defect in materials or workmanship.

35.    Under the Limited Warranty Exclusions and Limitations section of the LG Warranty, Defendants list "Property damages, malfunctions or failure of the product or personal injury caused by or resulting from . . .  Operating the Product in a corrosive coastal environment, or in an environment containing corrosive chemical agents or other hazardous chemicals . . . ." showing that Defendants were aware that a "coastal environment" is corrosive for the LG PTAC units.

36.    Despite the LG Warranty's representation that the LG PTAC units are free of defects in materials and workmanship, the LG PTAC units contain defective components that are not made for use or sale in the State of Hawai'i, and prematurely corrode.

## CLASS ACTION ALLEGATIONS

37.    Pursuant to the Federal Rules of Civil Procedure Rule 23, all Plaintiffs bring this action on behalf of themselves and as representatives of all others who

are similarly situated and who fall within the following definition for the Class:

> All individuals and entities in the State of Hawai'i that own LG
>
> Packaged Terminal Air Conditioner Systems manufactured and sold
>
> by LG, specifically model numbers LP073CDUC, LP123CDUC, and
>
> LP153CDUC and all of the PTAC units sold and installed in Hawai'i
>
> on or after April 30, 2016 including model numbers:
>
> - LP***CD2B;
>
> - LP***HD2B;
>
> - LP***CD3B;
>
> - LP***HD3B
>
> - LP***CDUC; and
>
> - LP***HDUC*
>
> (collectively referred to as "LG PTAC units").

38.    The individuals and entities in the Class are the putative Class

Members.  The Plaintiffs are the putative Class Representatives.

39.    The Class Members are so numerous that joinder is impracticable.

Upon information and belief, there are thousands of LG PTAC units that were sold

in the State of Hawai'i, and each owner of LG PTAC unit(s) is a member of the

class.

40.    The Class Representatives' claims are typical of the Class' claims as

they own LG PTAC units that have the defective condenser, evaporator and all connective tubing described herein.

41.    The Class Representatives will fairly, adequately and vigorously represent the Class Members' interests.

42.    Questions of law and fact common to all potential Class Members predominate over any questions affecting only individual Class Members.  The following common questions and issues arising from the Class Member claims are just a few of the many that predominate here:

- Whether the defective condenser, evaporator and all connective tubing can serve their purpose of providing effective internal temperature control;

- Whether the defective condenser, evaporator and connective tubing function as would be reasonably expected by a consumer;

- Whether LG knew or should have known that the LG PTAC units were unfit for sale or use in the State of Hawai'i;

- Whether Class Members suffered damages due to LG's materials, design, and manufacturing of LG PTAC units with defective condenser, evaporator and connective tubing; and

- Whether LG's materials, design and manufacture breached express warranties;

- Whether LG engaged in unfair and deceptive acts by designing, manufacturing, selling and/or shipping LG PTAC units with defective manufacturing and workmanship, that was unfit for use in the State of Hawaiʻi.

43.    These and other common questions predominate over all Class Members' claims, including those of the Class Representatives.  There is essentially no difference between the Class Representatives' claims and the other Class Members' claims.  As a result, the Class Representatives' claims are typical of, if not identical to, those they represent.

44.    Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged in this Complaint.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without duplication.  Separate trials adjudicating the liability will be inefficient, and will run the risk of producing inconsistent verdicts.  Consolidating the litigation of all Class Members will enhance judicial economy and promote justice.  Class treatment will also permit adjudication of relatively small claims by many Class Members who could not individually afford to litigate the claims asserted in this Complaint.  There are no difficulties that would preclude class action treatment of this lawsuit, and no superior alternative exists for the fair and efficient adjudication

of this controversy.

45.    The contemplated notice to Class Members will be through direct mail

to each Class Member's home and local publication of such notice.

## COUNT I

## BREACH OF EXPRESS WARRANTY

46.    Plaintiffs restate and reallege each and every allegation contained in

the foregoing paragraphs as though fully set forth herein.

47.    Plaintiffs and the Class own defective LG PTAC units.  As owners of

the LG PTAC units, Plaintiffs and Class members were reasonably expected to

use, consume or be affected by the LG PTAC units.

48.    Defendants provided a five (5) year express warranty known as the

LG Packaged Terminal Air Conditioner Limited Warranty ("LG Warranty") to

each and every purchaser of LG PTAC units.  A copy of a sample LG Warranty is

attached as Exhibit 1.  In the LG Warranty, Defendants represented, among other

things, that LG PTAC units were free of defect in materials and workmanship.

49.    The LG Warranty covers any part of the sealed refrigerating system

(the compressor, condenser, evaporator and all connective tubing) that fails

because of a defect in material or workmanship.  The LG Warranty notes that LG

will provide, free of charge, all labor and on-site service to replace the defective

part.

50.    The LG Warranty also covers defects in fan motors, switches, thermostats, heater, heater protectors, compressor overload, solenoids, circuit boards, auxiliary controls, thermistors, frost controls, ICR pump, capacitors, varistors, and indoor blower bearing.

51.    The LG Warranty further provided a contact address: BTB Air and Energy 201 James Record Road Huntsville, Alabama 35824 for warranty claims.

52.    Defendants breached their warranty by designing, manufacturing, and selling LG PTAC units with defective material and workmanship, that was unfit for use in the State of Hawai'i.

53.    LG PTAC units are manufactured with crevices that are subject to corrosion and cause refrigerant leaks.

54.    As a result of Defendants' breach of express warranty, Plaintiffs' and the Class Members' LG PTAC units are significantly and prematurely corroding—including components of the sealed refrigerating system, along with the heater, heater protections, solenoids, capacitors, wiring and hardware, framing, screws, nuts and bolts of the system—and leaking refrigerant, which impedes the ability of the LG PTAC units to function properly and fail to function as any consumer would expect.  Refrigerant leaks also danger Plaintiffs' and Class Members' health.

55.    As a result of Defendants' breaches of these express warranties as

detailed above, Defendants deprived Plaintiffs and the Class of the benefit of the

bargain of their contracts with Defendants, and suffered damages in amounts to be

proven at trial.

## COUNT II

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301, *et seq.*

56.     Plaintiffs restate and reallege each and every allegation contained in

the foregoing paragraphs as though fully set forth herein.

57.     This Court has jurisdiction to decide claims brought under 15 U.S.C. §

2301 by virtue of 28 U.S.C. § 1332(d)(2).

58.     The subject Class LG PTAC units are "consumer products," as

defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

59.     Plaintiffs, and the Class are "consumers," as defined in the Magnuson-

Moss Warranty Act, 15 U.S.C. § 2301(3).

60.     Defendants are a "supplier" and "warrantor," as defined in the

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

61.     Section 2310(d) of the Magnuson-Moss Warranty Act provides a

cause of action for consumers harmed by the failure of a warrantor to comply with

a written or implied warranty.

62.     Defendants provided a "written warranty" as defined in the

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

63.    Defendants provided Plaintiffs and the Class with "implied warranties" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). Because Defendants made a written warranty to Plaintiffs with respect to the LG PTAC units, Defendants are barred from disclaiming the implied warranty under 15 U.S.C. §§ 2308(a) and (c).

64.    Defendants warranted to Plaintiffs and the Class that the LG PTAC units were free from defects, of merchantable quality, and fit for the ordinary purposes for which PTAC units are used.

65.    Defendants breached these express and implied warranties as described herein.  The LG PTAC units have defects that prevent consumers, among other things, from operating them effectively in the State of Hawai'i.  As described herein, LG PTAC units are significantly and prematurely corroding, and leaking refrigerant, which impedes the ability of the LG PTAC units to function properly and fails to function as any consumer would expect.

66.    LG PTAC units are manufactured with crevices that are subject to corrosion and cause refrigerant leaks.

67.    LG has been given a reasonable opportunity to cure its breaches of warranty.  LG has had ample notice of the defect described above and experienced by Plaintiffs and Class members, but has not provided an adequate remedy.

68.    As warrantors, and by the conduct described herein, Defendants improperly attempted to limit their implied warranties to exclude coverage for the defective LG PTAC units  operated in "a corrosive coastal environment, or in an environment containing corrosive chemical agents or other hazardous chemicals . . . ."  The terms "corrosive coastal environment" and "environment containing corrosive chemical agents or other hazardous chemicals" are undefined and Defendants failed to explain these exclusions in simple and readily understood language.  Attempting to disclaim any warranty for LG PTAC units installed and operated in the State of Hawaiʻi is unconscionable, and any such effort to disclaim or otherwise limit liability for the defective LG PTAC units are null and void.

69.    Plaintiffs and the Class are intended third-party beneficiaries of contracts between Defendants and merchants, retailers, contractors, and/or installers of Defendants' LG PTAC units, including the express and implied warranties.  Merchants, retailers, contractors, and/or installers are not the intended end-user or consumer of LG PTAC units; LG PTAC units and accompanying warranties are for the benefit of end-users and consumers such as Plaintiffs and the Class.

70.    Pursuant to 15 U.S.C. § 2310(e), notice to Defendants with an opportunity to cure on behalf of the Class is not yet required for Plaintiffs to bring this class action.

71.    Plaintiffs and the Class suffered harm, damages, and economic losses and will continue to suffer such harm, damages, and economic losses.

72.    Defendants' misconduct was a substantial factor in causing and proximately caused Plaintiffs' and the Class's harm, damages, and economic losses.

73.    As a result of Defendants' breach of express and implied warranties, Plaintiffs and the Class are entitled to obtain damages and equitable relief, and obtain costs and expenses pursuant to 15 U.S.C. § 2310(d).

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

74.    Plaintiffs restate and reallege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

75.    Defendants are in the business of designing, manufacturing, selling, and shipping LG PTAC units.  Defendants sold and shipped LG PTAC units in the State of Hawai'i.

76.    Plaintiffs and the Class reasonably expected that the LG PTAC units purchased from Defendants were properly designed and built to be fit for use in the State of Hawai'i.

77.    In selling the LG PTAC units in the State of Hawai'i, Defendants impliedly warranted that the LG PTAC units were built in a workmanlike manner

and were fit for use in the State of Hawaiʻi.

78.    The LG PTAC units are defective and not fit for the ordinary purposes for which they are used because they are unfit for use in the State of Hawaiʻi.

79.    LG PTAC units are manufactured with crevices that are subject to corrosion and cause refrigerant leaks.

80.    As a result of Defendants' breach of implied warranty, Plaintiffs' and the Class Members' LG PTAC units are significantly and prematurely corroding—including components of the sealed refrigerating system, along with the heater, heater protections, solenoids, capacitors, wiring and hardware, framing, screws, nuts and bolts of the system—and leaking refrigerant, which impedes the ability of the LG PTAC units to function properly and fail to function as any consumer would expect.  Refrigerant leaks also danger Plaintiffs' and Class Members' health.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

81.    Plaintiffs restate and reallege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

82.    Defendants are in the business of designing, manufacturing, selling, and shipping LG PTAC units.  Defendants sold and/or shipped LG PTACs in the

State of Hawai'i.

83.     When Defendants sold and/or shipped the LG PTAC units in the State

of Hawai'i, Defendants were aware that LG PTAC units would be used in the

environmental conditions in the State of Hawai'i.

84.     Plaintiffs and Class Members relied on Defendants to sell LG PTAC

units fit for the environmental conditions in the State of Hawai'i.  Defendants

knew that Plaintiffs and Class Members were relying on Defendants skill or

judgment to select and sell PTAC units that were fit for the environmental

conditions in the State of Hawai'i.

85.     LG PTAC units are defective and not fit for the specific

environmental conditions in the State of Hawai'i for which they are used because

they are significantly and prematurely corroding.

86.     As a result of Defendants' breach of implied warranty, Plaintiffs' and

the Class Members' LG PTAC units are significantly and prematurely corroding—

including components of the sealed refrigerating system, along with the heater,

heater protections, solenoids, capacitors, wiring and hardware, framing, screws,

nuts and bolts of the system—and leaking refrigerant, which impedes the ability of

the LG PTAC units to function properly and fail to function as any consumer

would expect.  Refrigerant leaks also danger Plaintiffs' and Class Members'

health.

## COUNT V

## UNFAIR BUSINESS PRACTICES VIOLATION OF HRS §§ 480 *et seq.*

87.    Plaintiffs restate and reallege each and every allegation contained in
the foregoing paragraphs as though fully set forth herein.

88.    As natural persons, Plaintiffs and the Class are consumers, pursuant to
HRS § 480-1.

89.    Plaintiffs and the Class are also "persons," pursuant to HRS § 480-1.

90.    Defendants engaged in unfair and deceptive acts or practices when
they, among other misconduct described herein:

- Sold and/or shipped LG PTAC units in the State of Hawaiʻi with
  defective manufacturing and workmanship, that they knew or had
  reason to know were unfit for use in the State of Hawaiʻi;

- Failed to disclose that LG PTAC components were unfit for use in the
  State of Hawaiʻi because components would significantly and
  prematurely corrode in normal and typical use under the
  environmental conditions in the State of Hawaiʻi—including the
  sealed refrigerating system, along with the heater, heater protections,
  solenoids, capacitors, wiring and hardware, framing, screws, nuts and
  bolts of the system—and leaked refrigerant, which impedes the ability

22

of the LG PTAC units to function properly and fail to function as any
consumer would expect; and

- Disclaimed any warranty for LG PTAC units used in a "corrosive
coastal environment," while simultaneously selling LG PTAC units
that were not protected from corrosion in the State of Hawaiʻi.

91.    These practices were unscrupulous, substantially injurious, and/or had
the tendency to mislead purchasers, who expected that if Defendants sold LG
PTAC units in the State of Hawaiʻi, LG PTAC units would be free of defects and
fit for use in the State of Hawaiʻi.

92.    Defendants' disclaimer for any warranty for LG PTAC units used in a
"corrosive coastal environment" is unconscionable since Defendants knew or
should have known of the environmental conditions in the State of Hawaiʻi prior to
selling their PTAC units in the State.

93.    Defendants' unfair and/or deceptive business practices also amount to
unfair competition under HRS § 480-2. Defendants' unfair and deceptive business
practices negatively affected competition by hiding the true market value of the LG
PTACs; thus, giving Defendants an unfair market advantage relative to other air
conditioner options.

94.    Plaintiffs and class members were harmed by Defendants' actions, in
that they are now stuck with a defective PTAC unit, which is rapidly corroding

and/or losing coolant.

95.    As a legal result of Defendants' unfair and deceptive acts and practices, Defendants have caused economic damages to Plaintiffs and the Class, including causing them to incur attorneys' fees and costs in amounts to be proven at trial.

96.    As a legal result of Defendants' unfair and deceptive acts and practices, Plaintiffs and the Class are entitled to an award of three times their damages, attorneys' fees and costs in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

1.    Confirmation that this lawsuit is properly maintainable as a class action and certification of the Class, the named plaintiffs as Class Representatives, and Kenneth S. Kasdan, Sharla Manley, and Christopher K. Hikida as Class Counsel;

2.    Damages according to proof, including but not limited to the monetary amounts needed to replace the defective LG PTAC units with PTAC units fit for use in the State of Hawai'i and capable of withstanding the environment;

3.    Injunctive relief;

4.    Specific performance;

5.    Treble damages;

24

6.    Prejudgment and post judgment interest;

7.    Attorneys' fees and costs; and

8.    Such other and further relief the Court may deem just and proper.

DATED:  Honolulu, Hawaiʻi, September 30, 2022.


*/s/ Christopher K. Hikida*
KENNETH S. KASDAN
SHARLA MANLEY
CHRISTOPHER K. HIKIDA

Attorneys for Plaintiffs and the Putative Class